UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-CV-359-SNLJ |
| | ) | |
| TWENTY THOUSAND, NINE | ) | |
| HUNDRED AND THIRTY-FIVE | ) | |
| DOLLARS ($20,935.00) U.S. | ) | |
| CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This is a civil forfeiture case. Back in November 2015, federal agents executed a search warrant at Nathaniel Alexander's residence. The agents seized $20,935 from Alexander's person, Octavia Lee's purse, and a basement bedroom. The seized currency was subject to administrative forfeiture, and the FBI sent notice to both Alexander and Lee. The notice explained how to contest the forfeiture, and Alexander contested the forfeiture in the administrative action.

Then, the U.S. Attorney's office initiated civil forfeiture proceedings by filing this lawsuit (#1). Civil forfeiture actions are governed by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture. Pursuant to subsection (5)(a)(i), "[a] person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending." Next, pursuant to subsection

1

(5)(b), "[a] claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim."

Alexander responded to this action by filing a motion for return of property (#7) under Rule 41(g) of the Federal Rules of Criminal Procedure. The Government apparently treated Alexander's motion as a claim under subsection (5)(a)(i). It sent him a letter explaining the Rule G pleading requirements. The Government noted Alexander had complied with subsection (5)(a)(i) and asked him to file an answer pursuant to subsection (5)(b) within three weeks. He did not. The Government sent another letter about a month and a half after the first and explained it would move to dismiss Alexander's motion if he did not file an answer within a month.

The Government received no response to either letter, and it eventually moved to dismiss Alexander's claim (#11). Alexander did not respond, and the time for doing so has passed. As the Government points out, the Federal Rules of Criminal Procedure do not govern "a civil property forfeiture for violating a federal statute[.]" Fed. R. Crim. P. 1(a)(5)(B). Thus, Alexander's Rule 41 motion is improper in this civil forfeiture action. Even construing the Rule 41 motion as a "claim" under subsection (5)(a)(i), Alexander still failed to file an answer, which subsection (5)(b) requires. Therefore, the Government's motion to dismiss (#11) is granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to dismiss (#11) is **GRANTED**.

**IT IS FURTHER ORDERED** that Nathaniel Alexander's motion for return of property (#7) is **DISMISSED**.

Dated this   13th   day of March 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE